UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Farion N. Brown and Donna Brown

     v.                                          Civil No. 15-cv-467-JL
                                                   Opinion No. 2016 DNH 102
Wells Fargo Home Mortgage
A/K/A Wells Fargo Bank, N.A., and
Federal National Mortgage
Association

**MEMORANDUM ORDER**

This case involves a mortgage-holder's obligations to a mortgagor under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq., when the mortgagor has a loan modification request pending before foreclosure proceedings commence. Farion and Donna Brown, having fallen behind in their mortgage payments, made such a request to Wells Fargo Home Mortgage, which serviced their mortgage loan on behalf of its owner, Federal National Mortgage Association ("FNMA"). The Browns' efforts to discuss the application with Wells Fargo were met with alternating silence and requests for further information, which the Browns diligently provided. After the communication continued for several months, Wells Fargo ultimately concluded that it did not

have time to consider the modification application and subsequently foreclosed.

The Browns filed this action against Wells Fargo and FNMA, alleging that Wells Fargo violated RESPA by foreclosing during pendency of a modification request and violated the ECOA by failing to notify the Browns of any decision on that request before the foreclosure sale.  The Browns also bring claims under New Hampshire's Unfair, Deceptive, or Unreasonable Collection Practices Act ("UDUCPA"), N.H. Rev. Stat. Ann. § 358-C:3, and the duty of good faith and fair dealing.  By dint of the Browns' claims under RESPA and the ECOA, the court has subject-matter jurisdiction over this matter under 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

The defendants have moved to dismiss all claims.  See Fed. R. Civ. P. 12(b)(6).  They argue, first, that N.H. Rev. Stat. Ann § 479:25, II precludes any claims challenging the validity of the mortgage because the foreclosure sale has already taken place.  They also challenge the sufficiency of the Browns' claims for relief under RESPA; contend that no adverse action notification was due to the Browns under the ECOA because the Browns had defaulted; argue that the defendants' actions in foreclosing the mortgage do not amount to "debt collection" under the UDUCPA; and contend that the provisions of the mortgage agreement allowing the defendants to foreclose in the

2

event of default preclude a claim under the duty of good faith and fair dealing.

After hearing oral argument, and as discussed fully below, the court grants the defendants' motion to dismiss the Browns' claims under the UDUCPA and the duty of good faith and fair dealing, and the Browns' claims for injunctive relief under RESPA and the ECOA, but denies it as to the Browns' RESPA and ECOA claims for damages.

## I.   Applicable legal standard

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must state a claim to relief by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  In ruling on such a motion, the court accepts as true all well-pleaded facts set forth in the complaint and draws all reasonable inferences in the plaintiff's favor.  See, e.g., Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010).  The court "may consider not only the complaint but also facts extractable from documentation annexed to or incorporated by reference in the complaint and matters susceptible to judicial notice."  Rederford v. U.S.

Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009) (internal
quotations omitted).

## II.  Background

The following factual summary adopts the approach described
above.  The Browns purchased their home in 1999, subject to a
mortgage, which they refinanced in 2004.  The Browns remained
current on their mortgage payments until 2014, when medical
expenses and periodic unemployment set them back.  In April of
2015, the Browns were three to four months in arrears on their
mortgage payments.  In May of that year, Wells Fargo provided
the name of a "dedicated home preservation specialist" to the
Browns.

The Browns telephoned Wells Fargo on June 29, 2015,
requesting that they be considered for a six-month forbearance
in light of Mr. Brown's unemployment.  Though Wells Fargo told
the Browns that a manager would contact them, no manager did.
Having received no response, the Browns again telephoned Wells
Fargo on July 17, 2015.  Again, Wells Fargo failed to
acknowledge the Browns' request.  Instead, ten days later, on
July 27, 2015, Wells Fargo commenced foreclosure proceedings.
The Browns again contacted Wells Fargo on July 29 and August 7.
During each of those two calls, a representative informed them
that Wells Fargo required additional information.  The Browns

faxed the requested information to Wells Fargo on July 30 and
August 13, respectively.  On August 19, 2015, despite the
Browns' many contacts with Wells Fargo, the bank informed the
Browns that "we have not heard from you," and that there was
insufficient time to review their loss mitigation application
before the scheduled August 26, 2015 foreclosure.  According to
the complaint, Wells Fargo never notified the Browns of any
decision on their application.

Despite a request from the Brown's attorney to delay the
foreclosure in light of the outstanding mitigation application
and the applicable regulations, Wells Fargo foreclosed and sold
the Browns' home.  On October 2, 2015, the Browns received a
notice of eviction.  They filed suit in Hillsborough County
Superior Court shortly thereafter.  The defendants removed the
case to this court.

### III. <u>Analysis</u>

As mentioned at the outset, the Browns' complaint recites
four causes of action:  (1) a violation of regulations
promulgated under RESPA; (2) a violation of regulations
promulgated under the ECOA; (3) a violation of New Hampshire's
UDUCPA; and (4) a violation of the duty of good faith and fair
dealing.  The Browns seek damages as well as injunctive relief
in the form, effectively, of a rescission of the foreclosure

sale.  The defendants move to dismiss all counts under Federal Rule of Civil Procedure 12(b)(6) and also contend that N.H. Rev. Stat. Ann § 479:25, II precludes the plaintiffs from challenging the validity of the foreclosure sale after that sale took place.

The court agrees with the defendants that the Browns have failed to state claims that the defendants have violated the UDUCPA or the duty of good faith and fair dealing.  The court further agrees with the defendants that N.H. Rev. Stat. Ann § 479:25, II precludes the Browns from challenging the validity of the foreclosure, to the extent that they do so.  However, the Browns have -- if only just barely -- alleged facts that, construed in their favor, "allow[] the court to draw the reasonable inference that the defendant is liable" for violations of RESPA and the ECOA.  Martinez v. Petrenko, 792 F.3d at 179.  Accordingly, their claims for damages under those statutes remain.

### A.   Timeliness of the Browns' suit

The defendants contend that N.H. Rev. Stat. Ann § 479:25, II bars the Browns from challenging the validity of the foreclosure after the sale took place.  It provides:

> Notice of the [foreclosure] sale as served on or mailed to the mortgagor shall include the following language:
>
> "You are hereby notified that you have a right to petition the superior court for the county in which the mortgaged premises are situated, with service upon

the mortgagee, and upon such bond as the court may
require, to enjoin the scheduled foreclosure sale."

Failure to institute such petition and complete
service upon the foreclosing party, or his agent,
conducting the sale prior to sale shall thereafter bar
any action or right of action of the mortgagor based
on the validity of the foreclosure.

N.H. Rev. Stat. Ann § 479:25, II.  "Under this section, a
mortgagor, 'to preserve a challenge to the validity of the
foreclosure sale,' must file an action to enjoin the foreclosure
prior to the sale."  Calef v. Citibank, N.A., 2013 DNH 23, 8
(quoting Gordonville Corp. N.V. v. LR1-A Ltd. P'ship, 151 N.H.
371, 377 (2004)).  A mortgagor who fails to do so "may not
challenge the foreclosure's validity 'based on facts which the
mortgagor knew or should have known soon enough to reasonably
permit the filing of a petition prior to the sale.'"  Id.
(quoting Murphy v. Fin. Dev. Corp., 126 N.H. 536, 540 (1985)).
Because the Browns did not petition to enjoin the foreclosure
sale before it occurred,[1] to the extent that any of their claims

---

[1] The Browns argue that no one could have known whether Wells
Fargo would actually go forward with the foreclosure until the
moment it took place.  See Plaintiffs' Amended Opp. (document
no. 13) at 9.  While this may be true in an epistemological
sense, Wells Fargo did initiate foreclosure proceedings and
notified the Browns of its intention to foreclose a month before
the foreclosure took place.  Accordingly the Browns, who were
represented by counsel that communicated with Wells Fargo before
the foreclosure, had ample opportunity to seek an injunction
against the foreclosure in light of their pending modification
request.  See Dionne v. Fed. Nat. Mortgage Ass'n, 2016 DNH 93,
38 (post-foreclosure challenge to foreclosure's validity

challenge the foreclosure's validity and that they seek to have
the sale undone, the Browns are barred from doing so.[2]

### B.   Real Estate Settlement Procedures Act (Count 1)

The Browns allege that Wells Fargo violated Regulation X,
12 C.F.R. § 1024, promulgated under RESPA, 12 U.S.C. §§ 2601 et
seq., by commencing foreclosure proceedings and conducting the
foreclosure sale prior to acting on the Browns' request for a
loan modification.  Wells Fargo does not challenge the factual
sufficiency of the claim itself, but rather moves to dismiss
this count on the grounds that (1) the equitable relief that the
Browns seek -- setting aside the foreclosure sale -- is
unavailable under RESPA, and (2) the Browns have not alleged
actual harm resulting from Wells Fargo's alleged RESPA
violations.

As to equitable relief, Wells Fargo is correct.  A
violation of the loss mitigation-related provisions of

---

untimely under N.H. Rev. Stat. Ann § 479:25 where plaintiffs
were notified of right to seek injunction).

[2] Attempting to avoid this result, the Browns argue (and stressed
at length at oral argument) that the limitation on ex post facto
challenges to foreclosure validity under RSA 479:25 is
inconsistent with, and therefore preempted by, federal law -- in
particular, by the Dodd-Frank Wall Street Reform and Consumer
Protection Act, 12 U.S.C. §§ 5301 et seq., and rules promulgated
by the Consumer Finance Protection Bureau under its auspices.
See Amended Surreply (document no. 19) at 5 n.7.  As the Browns
offer, and the court could find, no authority supporting this
proposition, the court rejects it.

Regulation X may be enforced "pursuant to section 6(f) of RESPA." 12 C.F.R. § 1024.41.  RESPA permits recovery only for "any actual damages to the borrower" and a plaintiff's costs and fees incurred in a successful action.  12 U.S.C. § 2605(f)(1)-(3).  It does not provide for equitable relief.  See Mullinax v. Radian Guar. Inc., 199 F. Supp. 2d 311, 334-35 (M.D.N.C. 2002).  Accordingly, the Browns are unable to obtain the equitable relief they request -- invalidation of the foreclosure sale -- under RESPA.

Wells Fargo's challenge to the sufficiency of the Browns' damages allegations does not fare so well.  Though not particularly clear, detailed, or precise, the Browns have alleged facts which, taken in the light most favorable to them, recite at least some damages, including emotional distress damages.  The Browns further allege a causal relationship between those damages and Wells Fargo's alleged RESPA violation.  See Moore v. Mortgage Elec. Registration Sys., Inc., 848 F. Supp. 2d 107, 123 (D.N.H. 2012) (emotional distress damages amount to "actual damages" under RESPA where plaintiffs allege that they result from the RESPA violation).  Accordingly, the court grants Wells Fargo's motion to dismiss this count in part, denying it as to the Browns' claim for damages under RESPA.

**C.    Equal Credit Opportunity Act (Count 2)**

The Browns claim that Wells Fargo violated regulations promulgated under the Equal Credit Opportunity Act by failing to provide notice of adverse action taken on the Browns' application for loan modification.  Wells Fargo argues, in effect, that its compliance with the regulation prevents the Browns' recovery on this count.  Taken in the light most favorable to the Browns, the allegations in the complaint suffice to make out a claim that Wells Fargo failed to comply with that regulation.

"Originally enacted in 1974 . . . the ECOA was amended in 1976 to require creditors to furnish written notice of the specific reasons for adverse action taken against a consumer." Fischl v. Gen. Motors Acceptance Corp., 708 F.2d 143, 146 (5th Cir. 1983) (citing 15 U.S.C. §§ 1691(d)(2) and (3)).  It provides that "[w]ithin thirty days . . . after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application," 15 U.S.C. § 1691(d)(1), whatever that action may be.  If that action is an "adverse action," the borrower is "entitled to a statement of reasons for such action from the creditor." Id. § 1691(d)(2). The EOCA defines an "adverse action" as "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the

same amount or on substantially the terms requested," but explicitly excludes from that category "a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default . . . ." Id. § 1691(d)(6).

If an application is incomplete and "[i]f additional information is needed from an applicant," Regulation B promulgated under the ECOA requires the creditor, also within 30 days of receiving the application, to "send a written notice to the applicant specifying the information needed, designating a reasonable period of time for the applicant to provide the information, and informing the applicant that failure to provide the information requested will result in no further consideration being given to the application." 12 C.F.R. § 1002.9(c)(2). The creditor, "[a]t its option . . . may inform the applicant orally of the need for additional information," though if "the application remains incomplete the creditor shall send" the written notice of incompleteness described above. Id. § 1002.9(c)(3).

The Browns contend that Wells Fargo violated Regulation B by failing to provide (a) written notice that their application was incomplete or (b) any notice of Wells Fargo's action taken on that application. According to the complaint, Mr. Brown made what was arguably an oral application for loan modification on

June 29, 2015.[3]  It was only when Mr. Brown called Wells Fargo
again on July 29, 2015, barely within that 30-day window, that
Wells Fargo told him that it needed additional information from
him.  At oral argument, the Browns conceded that this
notification satisfied the 30-day requirement of 12 C.F.R.
§ 1002.9(c).

      After submitting the requested information, Mr. Brown
called again on August 7, and was again told to submit
additional information.  The Browns submitted all requested
materials by August 13.  The Browns allege that Wells Fargo
never notified them, in writing, that their application remained
incomplete or of any action -- adverse or otherwise -- taken on
their application.

      Wells Fargo asserts that, instead of informing the Browns
that their application remained incomplete after August 13, it
simply denied the Browns' forbearance application on August 19.
See Reply (document no. 15) at 5.  Because the Browns were
delinquent, Wells Fargo argues, it need not have informed them
of this adverse action.  See 15 U.S.C. § 1691(d)(6).  But that
section of the ECOA only absolves creditors of giving a
"statement of reasons" for that adverse action; it does not

---

[3] The defendants do not challenge this characterization of the
July 29, 2015 phone call, at least for purposes of this motion.

absolve Wells Fargo of its duty to "notify the applicant of its action on the application." 15 U.S.C. § 1691(d)(1).  Here, the Browns allege that they did not receive any notification that their loss mitigation request had been denied.  Compl. (document no. 1) ¶ 65.  Instead, they allege, Wells Fargo notified them only that it had "not heard from" them -- despite Mr. Brown's several contacts -- and did not have enough time to review the application.  See id. ¶ 46.  Wells Fargo then foreclosed.

Accordingly, the court concludes that the Browns have pled facts sufficient to state a claim that Wells Fargo violated Regulation B by failing to notify the Browns about the action, if any, it took in response to their loan modification request, and denies the defendants' motion to dismiss this claim.

### D.   New Hampshire's UDUCPA (Count 3)

As their third count, the Browns claim that Wells Fargo and FNMA violated New Hampshire's UDUCPA, which bars a debt collector from "collect[ing] or attempt[ing] to collect a debt in an unfair, deceptive or unreasonable manner as defined in this chapter." N.H. Rev. Stat. Ann. § 358-C:2.  The Browns allege that the defendants violated the UDUCPA when they took an "action which [a] debt collector in the regular course of business does not take," id. § 358-C:3, III, by conducting a foreclosure sale in violation of RESPA and ECOA.  The Browns,

13

however, cite that section of the UDUCPA inaccurately.

Section 358-C:3, III prohibits debt collectors from

"[t]hreaten[ing] to take any unlawful action or action which the

debt collector in the regular course of business does not take."

Id. (emphasis added).  The Browns have pled no facts tending to

suggest that the defendants threatened to take any such action.

At best, the Browns allege that the defendants threatened to

foreclose the mortgage -- an action often taken in the regular

course of business after a mortgagor has defaulted on the

mortgage loan.  Nor have the Browns alleged that the defendants

undertook any other activity among those prohibited by the

UDUCPA.  See N.H. Rev. Stat. Ann. § 358-C:3.  The Browns' UDUCPA

claim must, therefore, be dismissed.[4]

    To the extent that the Browns seek leave to amend their

UDUCPA claim, see Plaintiffs' Amended Opp. (document no. 13) at

13, that request is not properly before the court.  It violates

---

[4] The defendants argue that the Browns' claim fails because the
complaint is devoid of facts supporting an allegation that
defendants were "debt collectors" and were "collect[ing] or
attempting to collect a debt," as the statute requires, when
they foreclosed the Brown's mortgage.  See N.H. Rev. Stat. Ann.
§ 358-C:2.  This court has been and remains "agnostic as to
whether a foreclosure itself constitutes debt collection
activity for purposes of the FDCPA" and UDUCPA.  LeDoux v. JP
Morgan Chase, N.A., 2012 DNH 194, 22 n.9; Moore v. Mortgage
Elec. Registration Sys., Inc., 848 F. Supp. 2d 107, 126 & n.11
(D.N.H. 2012).  And it need not profess belief here, as the
Browns have not alleged a UDUCPA violation by the defendants for
the reasons discussed above.

Local Rule 7.1(a)(1), which provides that "[o]bjections to
pending motions and affirmative motions for relief shall not be
combined into one filing," and must, accordingly, be denied.[5]

### E.    The duty of good faith and fair dealing (Count 4)

Finally, the Browns claimed that Wells Fargo violated the
duty of good faith and fair dealing when it refused to stall its
foreclosure to allow the Browns to file for bankruptcy
protection.  At oral argument, the Browns agreed to dismiss this
claim voluntarily.  Even if they had not, it would not survive
Wells Fargo's motion.

Under New Hampshire law, "'the duty of good faith and fair
dealing ordinarily does not come into play in disputes' where
'the underlying contract plainly spells out both the rights and
duties of the parties and the consequences that will follow from
a breach of a specified right.'"  Rouleau v. US Bank, N.A., 2015
DNH 84, 9 (quoting Milford-Bennington R. Co., Inc. v. Pan Am
Rys., Inc., 2011 DNH 206, 11).  Wells Fargo contends, and the
Browns do not dispute, that the mortgage in this case spells out
Wells Fargo's right to foreclose upon default.  The Browns admit
that they were in default, and had been for approximately four

---

[5] Plaintiffs' request for leave to amend to supplement their
RESPA claim, see Plaintiffs' Amended Opp. (document no. 13) at
11 n.8, would meet the same fate were it not rendered moot by
the court declining to dismiss that claim.

months, when they sought the loan modification.  Compl. ¶¶ 32,
35.  Wells Fargo's invocation of its right to foreclose in those
circumstances does not engender a breach of the duty of good
faith and fair dealing.  Rouleau, 2015 DNH 84, 10-11.
Accordingly, Count 4 is dismissed.

IV.  **Conclusion**

For the reasons set forth above, defendants' motion to
dismiss the complaint[6] is GRANTED-IN-PART and DENIED-IN-PART.
The motion is denied as to plaintiffs' first and second counts
for damages and granted as to plaintiffs' third count and
plaintiffs' claim for injunctive relief.  Those claims are,
accordingly, dismissed.  The plaintiffs' fourth count,
voluntarily withdrawn at oral argument, is also dismissed.

Absent any objection from the defendants, the plaintiffs'
remaining motions to extend various filing deadlines[7] and,
further, to amend their surreply[8] after even those extended
filing deadlines, are also GRANTED.[9]

---

[6] Document no. 6.

[7] Document nos. 8 and 11.

[8] Document no. 18.

[9] Although the court has considered plaintiffs' supplemental
filings in connection with this motion, plaintiffs' counsel
should not assume that tardy supplementations, based only on
additional research that should have been completed before the
filing deadline, will necessarily be accepted in the future.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  June 20, 2016

cc:  William C. Sheridan, Esq.
     Michael R. Stanley, Esq.

17